**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **GERMAN CASTANEDA-ZAMBRANO,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-1877-KC** |
| **MARY DE ANDA-YBARRA et al.,** | § § | |
| **Respondents.** | § § | |

**ORDER**

On this day, the Court considered the case. On July 9, 2026, German Castaneda-Zambrano filed a Petition for a Writ of Habeas Corpus, ECF No. 1, challenging his detention as unlawful and asking the Court to order his release or a bond hearing. On July 10, the Court ordered Respondents to show cause why the Petition should not be granted by July 17. Show Cause Order, ECF No. 3. The Court also, under its inherent authority to preserve and assess its own jurisdiction, ordered Respondents to not remove or deport Castaneda-Zambrano from the United States or transfer him to a facility outside the El Paso Division of the Western District of Texas. *Id.* at 2.

On July 15, Castaneda-Zambrano filed a Notice of Removal and Motion to Enforce Order ("Motion"), ECF No. 4. According to Castaneda-Zambrano's counsel, on July 10, Castaneda-Zambrano's family reported that he was removed from the United States. *Id.* ¶ 5. Thus, Castaneda-Zambrano's counsel argues that he was removed in violation of the Court's July 10 Order. *See id.* ¶ 6. Counsel also states that she is not "aware of [any] Notice to Appear, reinstatement determination, expedited removal order, or any other charging or removal document ever having been issued to or served upon [Castaneda-Zambrano] or his counsel, and

no reasonable fear interview under 8 C.F.R. § 208.31 is known to have occurred." *Id.* ¶ 9. Castaneda-Zambrano thus requests the Court to order Respondents to account for Castaneda-Zambrano's removal and take all steps necessary to facilitate his return to the United States. *Id.* at 1.

Respondents have now filed a Response to the Petition, ECF No. 5, and a Response to the Motion, ECF No. 6. Respondents state that Castaneda-Zambrano was removed from the country on July 9. Resp. Pet. 3; *see also* Resp. Pet. Ex. C ("Removal Documentation"), ECF No. 5-3; Resp. Mot. 1–2. And that he was removed pursuant to a reinstated expedited removal order from October 15, 2018. Resp. Pet. 3; *see also* Resp. Pet. 3 Ex. A ("Expedited Removal Order"), ECF No. 5-1; Resp. Mot. 2, 5. Because Castaneda-Zambrano was lawfully removed, and thus released from custody, Respondents argue that the Petition is now moot. Resp. Pet. 3–4.

"[W]here an [immigration detainee] is granted the relief he requests, no 'case or controversy' remains" and thus the habeas petition is rendered moot. *Virani v. Huron*, No. 5:19-cv-499-ESC, 2020 WL 7405655, at *3 (W.D. Tex. Dec. 17, 2020) (quoting *Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988)). Because Castaneda-Zambrano has now been released from custody, albeit through removal from the country, the Petition is moot. *See Ortez*, 845 F.2d at 575. In addition, because Castaneda-Zambrano was removed before the Court's July 10 Order preventing his removal, Respondents did not violate the Court's Order.

Accordingly, the Court **ORDERS** that the Petition is **DISMISSED as moot**.

**IT IS FURTHER ORDERED** that the Motion, ECF No. 4, is **DENIED as moot**.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 20th day of July, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE